Accountancy Board — Registration Requirements The two-year period of employment contemplated by 59 O.S. 15.21 [59-15.21](3) (1968) is not limited to the interval between April 30, 1966 and April 30, 1968. Persons otherwise meeting the requirements of this subsection are entitled to credit for all periods of employment by a government agency prior to April 30, 1968. Either a sole proprietor or a partnership may lawfully use an assumed business name including the phrase "and Company" or "and Co.", in the absence of any statute such as Section 15.11(k), prohibiting such use, unless such name was used prior to April 30, 1968. The Attorney General has had under consideration your two letters, each dated January 9, 1969. In the first letter you refer to 59 O.S. 15.21 [59-15.21] (1968), reading as follows: "Any person (a) who is a resident of this State, or has a place of business therein and (b) who has attained the age of twenty-one (21) years, and (c) who is of good moral character and (d) who meets the requirements of either subsection (1), (2), (3) or (4) of this section may register with the Board as a Public Accountant on or before the first day of the thirteenth month following the passage of this Act. * * * "(3) Persons engaged for at least two (2) years on the effective date of this Act in an accounting or auditing position with the government of the United States, this State or a political subdivision of this State for which an examination in accountancy or qualifying experience or education in accountancy is required or necessary." In connection with the cited statute you pose the following questions: "First, does the two-year period mean only continuous employment from April 30, 1966 to April 30, 1968? What is the right of a person who, for example, was a governmental accountant for only a part of the specific two-year period but had had many years of governmental accounting experience prior to April 30, 1966? "Second, what is meant by the term `government?' Is a state university or a state medical school, for example, a part of the government? Is an instrumentality of the United States a part of the government? For example, we have applications from employees of nonappropriated funds (such as an officers' mess) at military posts. These, we are informed, are instrumentalities of the United States. Yet, employees of such activities are not regarded as employees for civil service purposes." In the second letter you cite 59 O.S. 15.11 [59-15.11](k) (1968), reading as follows "No person shall assume or use the title or designation `Certified Public Accountant' or `Public Accountant' in conjunction with names indicating or implying that there is a partnership or in conjunction with the designation `and Company,' or `and Co.' or a similar designation if, in any such case, there is in fact no bona fide partnership registered under Sections 15.15 and 15.17 of Title 59 of the Oklahoma Statutes provided that a sole proprietor or partnership lawfully using such title or designation in conjunction with such names or designation on the effective date of this Act may continue to do so if he or it otherwise complies with the provisions of this Act. (Emphasis added by you) You ask the following questions in respect to the construction of said Section 59 O.S. 15.11 [59-15.11](k): "3. May a sole proprietor `lawfully' use a term such as `and Company?' "Why does the phrase `or partnership' appear when the section relates to accountants who are in fact sole proprietors? "What is meant by the phrase `if he or it otherwise complies with the provisions of this Act?' Is it possible, for example, for the Board to have a rule of ethical conduct prohibiting such designations which would apply to ALL CPAs and PAs despite this exception in this Act? If not, may we not encourage all persons seeking licenses as PA's to conform to the general — practice?" (Emphasis added) In construing the cited Section 59 O.S. 15.21 [59-15.21](3), it is apparent that the Legislature did not limit the specific two-year period, except with respect to the date of its expiration. Clearly, the Legislature was aware of this fact, and intended to include any and all periods of service prior to the effective date of the Act. In the immediately preceding subsection 2, the Legislature used the phrase "immediately prior to entering such service." Thereby, said subsection 2 became applicable to persons serving in the armed forces at the effective date of the Act, only if they had been engaged in public accounting at the time of their entry into military service. It is, therefore, the opinion of the Attorney General that the first part of your first question must be answered in the negative, in that the specific two-year period of employment referred to is not limited as to its beginning, but only to its ending on April 30, 1968. The second portion of your first question relates to the rights of a person who was employed as a government accountant prior to April 30, 1966. Such person must be given credit for all such periods of employment up to April 30, 1968, and qualifies, under the provisions of this section, if his total government employment, prior to the latter date, covers a period of two or more years. Your second question relates to the construction of the term "government" as used in the cited section. By the weight of authority, "government" has been defined as "a fictitious entity, created by the people, the corporate entity through which the people act, and all departments of government and officers are only the instrumentalities through which the government acts." In Oklahoma, a state university or a state medical school is a part of the government, by virtue of both constitutional and statutory provisions. Instrumentalities of the United States (government) are included in the term "government." It has been held, in Maynard and Child Inc. v. Shearer Ky., 290 S .W. 2d 790, 794, that an officers' club is an instrumentality of the United States. It has also been held, in Falls City Brewing Co. v. Reaves D.C. Ky.,40 F. Supp. 35, 39, that the post exchange at an army fort is an instrumentality of the United States. The status of the employees of such activities with respect to inclusion under a merit system is not significant in determining the status of the employing agency. Accordingly, it is the opinion of the Attorney General that the term "government" as used in Section 59 O.S. 15.21 [59-15.21](3) is intended to cover all activities directly engaged in by a federal, state, or local government or an agency thereof. The first part of your question No. 3 relates to the use by a sole proprietor of the phrase "and Company" as part of an assumed business name. In the case of Youngblood v. Roake,124 Okl. 84 253 P. 1017 (1926), the Supreme Court of Oklahoma stated in the second paragraph of the syllabus: There being no statute prohibiting the use of a trade name by an individual the use by him of the term `Music Co.' after his name does not import the existence of a partnership, or that any other person than the individual valued is interested in the business." This general rule is followed in a number of jurisdictions. Accordingly. it is the opinion of the Attorney General that the first part of your third question must be answered in the affirmative, in that a sole proprietor may, in conjunction with his name, use the phrase, "and Company." Apparently. the Legislature used the phrase "or partnership" in Section 15.11(k) of the Act. to permit continued use of the phrase "and Company" or `and Co." or a similar designation, whether or not the prior use of such phrase was by a sole proprietor or a partnership. Regarding the meaning of the phrase "if he or it otherwise complies with the provisions of this act," in the cited subsection, this subsection operates as a "grandfather clause." The Legislature apparently intended to permit continued use of the phrase "and Company" or "and Co." or a similar designation, if the sole proprietor, or the partnership, as the case may be, applied for and obtained the appropriate license or certificate. In the last portion of your third question you ask if the Board may adopt a rule of ethical conduct prohibiting the use of the phrases "and Company" or "and Co." which would apply to all CPA's and PA's. You recognize that the Act makes no provision for such prohibition retroactively or retrospectively. There is authority for prohibiting use or assumption of the title or designation "Certified Public Accountant" or "Public Accountant" in connection with the phrase "and Company," or "and Co.", or other similar designation by a sole proprietor who can not qualify under the grandfather clause in this section and subsection. We find no authority for the adoption of a rule applicable to all CPA's or PA's, such as you propose. However, we can see no legal objection to your alternative suggestion that you "encourage all persons securing licenses as PA's to conform to the general practice," provided such conformance is voluntary in nature. (Carl G. Engling)